LON C. KESTERSON, APPELLEE, v. CARL F. MARSH, APPEL-LANT.

FILED NOVEMBER 26, 1921. No. 21738.

1. **Vendor and Purchaser:** EXECUTORY CONTRACT: ABANDONMENT. It is the duty of one who claims an interest in real estate under an executory contract of sale, which the vendor refuses to perform, and which property is advancing in value, not to unreasonably delay the assertion of his claim and thus lull the adverse party into security. If he fails to assert his rights within a reasonable length of time after the breach of the contract by the

other party, he may under certain circumstances be held to have abandoned his right to enforce it, and the determination of what constitutes a reasonable time under all the circumstances of the case, and an abandonment, rests in the sound discretion of the court.

2. ———: ———: ———. Under the facts disclosed by the record, *held* that there was an abandonment of the contract by defendant.

APPEAL from the district court for Hitchcock county: CHARLES E. ELDRED, JUDGE. *Affirmed.*

*J. F. Ratcliffe* and *Cordeal & Colfer,* for appellant.

*H. P. Armitage, Henry W. Fouts* and *John C. Hartigan, contra.*

Heard before LETTON, DAY and DEAN, JJ., SEARS and WESTOVER, District Judges.

LETTON, J.

Action to quiet title. Cross-bill asking specific performance of an executory contract to sell land.

Plaintiff, the vendor in the contract, derived title to the land in controversy by devise from his father. Following the devising clause, the will contained the following provision:

"Provided that the said real estate shall not be sold and conveyed until the expiration of ten years after my death, but shall remain intact, and the custody and control for a period of ten years after my death shall be in my executors hereinafter named, and my executors are hereby directed to collect the income of the said real estate and, after paying expenses, taxes and repairs, pay over from year to year to the said Lon C. Kesterson such income."

The father died in December, 1909. Plaintiff testified that the first conversation he had with defendant, Marsh, the vendee, was in Omaha in 1916, when Marsh made a proposition to buy 480 acres of the land for $6,700; that he told Marsh at that time he did not know whether he could give title or not; that Marsh wrote a contract and offered him $500, which he refused to accept, saying he would not accept it unless he could deliver a deed; that

the contract was left at the bank, and plaintiff agreed to notify Marsh if he could execute a deed; that after the contract was signed plaintiff went to Fairbury and found, upon examining the will there, that he could not convey title, and notified defendant to that effect by letter; that he received a letter from defendant about the middle of December to the effect that, if plaintiff would send the deed to a bank at Stratton, the money was waiting for him; that from that time on he heard nothing from defendant with reference to the transaction. On cross-examination he testified that the conversation as to the possibility of being unable to make a good title was had before the contract was signed, and that he did not attempt to carry out the contract when he found he could not make a deed.

Defendant testified that after the contract was drawn he gave plaintiff a check on a bank at Stratton for $500; that about a month afterwards $498 in money was returned to him by the bank, with the explanation that $2 was for exchange; that about the time for the delivery of the deed, but after plaintiff had informed him he could not execute the contract, and the money had been returned, he wrote plaintiff that the money was ready for him when he sent the deed. He also testifies that he is now ready and willing to pay plaintiff the $6,700 on its delivery; that he has kept the money returned to him ever since, and has made no offer or tender of it to plaintiff.

There is a direct conflict in the evidence with regard to whether any money was paid on the contract; but, according to defendant's own testimony, the amount of the check he gave when the contract was signed was returned to him, less $2 exchange. He retained the money, never made any demand that the contract be carried out, and made no tender of this or of any sum that he was to pay. The contract is dated October 4, 1916. It provides that a warranty deed and an abstract showing good and merchantable title are to be furnished on or before November 4, 1916. It recites that $500 has been paid,

Kesterson v. Marsh.

and that the remainder is to be paid on acceptance of the deed. In January, 1920, a contract was made by plaintiff with another party to sell him the land for $20,000. The written contract was placed on record by defendant in February, 1920, over three years after its date, and the recording of the contract casts a cloud upon the title.

It is a matter of common knowledge, of which the court will take judicial notice, that the price of lands had advanced to an unprecedented degree in the same period of time, during this interval. The conduct of defendant was such as to lead plaintiff to believe that he was asserting no rights under the contract and to justify him in agreeing to sell the land to another. It was not until plaintiff had so changed his position that defendant placed the contract on record.

We are satisfied from the evidence that defendant abandoned the contract in 1916, and had no intention of ever carrying it out. It was his duty, if he desired to abide by it, to send the money back which was returned to him, with an intimation that he insisted that the contract be carried out; to tender the remaining purchase money and demand his deed when the time for delivery came. He has unreasonably delayed any proceedings to establish his alleged right, and his demand is stale. Land values fluctuate, and he cannot be permitted thus to speculate on the rise and fall of the value of the real estate. 10 R. C. L. 395, sec. 142; 21 C. J. 228, sec. 223.

Defendant argues that the will conveyed the fee simple title to plaintiff; that he had full power and authority to make a deed conveying a perfect title at the time the contract was executed, and that he had no valid reason for refusal. This and other contentions of defendant we find unnecessary to decide, since the abandonment of the contract by him, and the cloud on the title occasioned by the recording of the contract, are sufficient to entitle plaintiff to the relief sought.

The judgment of the district court is

AFFIRMED.